IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| COLUMBIA PICTURES INDUSTRIES, INC., et al.,<br><br>*Plaintiffs-Appellees*,<br><br>v.<br><br>GARY FUNG and ISOHUNT WEB TECHNOLOGIES, INC.,<br><br>*Defendant-Appellant*. | Case No. 10-55946 |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE*
GOOGLE INC. IN SUPPORT OF AFFIRMANCE**

Pursuant to Rule 29(b) of the Federal Rules of Appellate Procedure, Google Inc. ("Google") respectfully moves for leave to file the brief submitted herewith as *amicus curiae* in support of affirmance.

In support of its motion, Google states as follows:

1.  Google is one of the world's largest and best known online service providers.  Google is a leading search engine, and offers a wide range of services that empower millions of people around the world to find, create, and communicate information, including online hosting, email, blogging tools, online word processing, and discussion forums. Google regularly hosts material at the direction of its users and

provides search tools, directories, indexes, and links to various websites, documents, books, pictures, and videos that can be found across the Internet.

2. This cases raises issues about the interpretation and application of the safe-harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512 et seq. ("DMCA") and common-law rules governing claims for secondary copyright infringement. Google has a strong interest in both issues.

3. Google relies on the DMCA safe harbors in many different aspects of its business and has developed copyright policies specifically designed to comply with those provisions. Google's ability, and that of countless other online service providers, to provide useful and legitimate services to Internet users depends on the protections afforded by the DMCA.

4. Google is also a defendant in a copyright-infringement case pending in the United States Court of Appeals for the Second Circuit. In that case, the district court held that Google and its subsidiary, YouTube, Inc., are protected by Section 512(c) of the DMCA against all of plaintiffs' claims for direct and secondary infringement, including a

claim for inducement under the Supreme Court's decision in *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005).  *See Viacom Int'l Inc. v. YouTube, Inc.*, 718 F. Supp. 2d 514 (S.D.N.Y. 2010).  That case involves one of the plaintiffs in this case (Paramount Pictures Corporation) and some of the same plaintiffs' lawyers.

5. Google believes that it can meaningfully contribute to this Court's consideration of the issues presented in this case.  Google is among the most experienced and knowledgeable organizations in the application of the DMCA safe harbors and thus is well positioned to provide to the Court legal analysis and information relevant to the issues raised in this appeal yet not specifically addressed by the parties.

6. While Google agrees with the result that the district court reached in this case, some of the reasoning adopted by that court—and urged on this Court by plaintiffs-appellants—is unnecessary to resolve this case and would distort the law, undermining important legal protections for legitimate online service providers.  Google therefore seeks leave to file the accompanying *amicus curiae* brief to explain how this Court can affirm the core holdings of the court below in a way that

will neither destabilize the law nor deter legitimate Internet businesses from providing socially and economically valuable services to the public.

    7.    Defendants-appellants, through counsel, have consented to the filing of the proposed *amicus curiae* brief.  *See* Declaration of Andrew H. Schapiro filed concurrently herewith.

    8.    On February 7, 2011, counsel for Google contacted counsel for plaintiffs-appellees to request their consent to file the proposed *amicus curiae* brief.  Plaintiffs-appellees do not consent to Google filing the proposed *amicus curiae* brief.  *See* Declaration of Andrew H. Schapiro filed concurrently herewith.

    9.    For these reasons, Google respectfully requests that it be granted leave to file the proposed brief filed concurrently herewith as *amicus curiae*.

Dated:  February 8, 2011          Respectfully submitted,

| | |
|---|---|
| David H. Kramer | s/ Andrew H. Schapiro |
| Bart E. Volkmer | Andrew H. Schapiro |
| WILSON SONSINI GOOGRICH & ROSATI | A. John P. Mancini |
| 650 Page Mill Road | Brian M. Willen |
| Palo Alto, CA 94304 | MAYER BROWN LLP |
| (640) 493-9300 | 1675 Broadway |
| | New York, NY 10019 |
| | (212) 506-2500 |

*Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on February 8, 2011.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

>Jared Robinson Smith
>Rothken Law Firm
>Suite 280
>3 Hamilton Landing
>Novato, CA 94949

>s/ Deborah Grubbs
>Deborah Grubbs

5