# ROTHKEN LAW FIRM

3 Hamilton Landing
Suite 280
Novato, California  94949-8242

Phone:   (415)924-4250
Fax:         (415)924-2905
E-mail:    ira@techfirm.com
Web:       www.techfirm.com

**April 20, 2012**

VIA ECF

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103


Re:     Columbia Pictures Industries, Inc., et al., v. Gary Fung and Isohunt Web Technologies, Inc. – No. 10-55946
Oral Argument held May 6, 2011 (Before: Hon. Harry Pregerson; Hon. Raymond C. Fisher; and Hon. Marsha S. Berzon, Circuit Judges)


Dear Ms. Dwyer:

Defendants-Appellants respond to the April 11, 2012 letter from counsel for Plaintiffs-Appellees that attaches and discusses the recent decision by the Second Circuit in *Viacom International, Inc. v. YouTube, Inc.* ("*YouTube*").

Plaintiffs do not mention *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 667 F.3d 1022 (9th Cir. 2011).  *Shelter Capital* refused to "adopt[] a broad conception of the knowledge requirement " for DMCA defenses (667 F.3d 1038), instead "[r]equiring specific knowledge of particular infringing activity…in the context of the DMCA."  (*Id*. at 1037.)

Rulings of the *YouTube* court requiring "knowledge or awareness of specific instances of infringement" (page 21), like those of *Shelter Capital*, support defendants' contentions (Reply Brief at 23-25) that charges against an alleged secondary infringer must be based on specific instances of primary infringement. Plaintiffs made contrary arguments in their Answering Brief at 39-45 and their Supplemental Brief responding to Amicus Google at 4-13.

According to *YouTube* (p. 24) even "willful blindness" must, be based on evidence of "knowledge or awareness of specific instances of infringement under the DMCA." Defendants challenged the District Court's application of a similar generalized "willful ignorance" standard at 67-68 of their Opening Brief.

*YouTube* supports defendants' challenges to plaintiffs' statistical evidence.  (Opening Brief at 15-16, 67-68.)  "[S]uch estimates are insufficient, standing alone, to create a triable issue of fact" about awareness of "particular instances of infringement."  (*YouTube* at 19-20.)

ROTHKEN LAW FIRM
April 20, 2012
Page 2

    *YouTube* at 33 rejects plaintiffs' contention (Plaintiffs' Answering Brief at 37-38, Supplemental Brief at 14-24) that a cause of action under *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 125 S.Ct. 2764 (2005) obviates DMCA defenses.

                                            Respectfully submitted,

                                            ROTHKEN LAW FIRM

                                            Ira P. Rothken
                                            Attorneys for Defendants-Appellants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of April, 2012, I electronically filed the foregoing with the Clerk of Court of the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

      Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

Dated: April 20, 2012                    Respectfully submitted,

                                              Jared R. Smith, Esq.